Filed 7/23/25  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>  v.<br>MATTHEW BOEMAN WILLIAMS,<br>    Defendant and Appellant. | E084440<br><br>(Super.Ct.No. FVA1001628)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT

The petition for rehearing is denied.  The Opinion filed in this matter on July 10, 2025, is modified as follows:

1. On page 7, part I of the Discussion, after the first sentence in the first paragraph, which ends with "involvement in the victim's death", add the following sentence, "The argument lacks merit."  Delete the remainder of that first paragraph.

2. After the above-mentioned first paragraph in part I of the Discussion, add the following two paragraphs to part I of the Discussion:

"To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and counsel's deficient performance was prejudicial, that is, there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant."  (*People v. Sepulveda* (2020) 47 Cal.App.5th 291, 301; *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.)

1

Williams is correct that his counsel did not object, offer evidence, or argue at the evidentiary hearing.  Assuming for the sake of argument that counsel's assistance fell below an objective standard of reasonableness, Williams cannot show prejudice.  He admitted to law enforcement that he fired a gun and that he thought he might have "killed the girl."  And the court found that the plausibility of his self-defense claim or the possibility of anyone else shooting the victim was contradicted by physical evidence at the scene.  Given the strength of the incriminating evidence, there was no reasonable probability that, but for counsel's purported errors, the result would have been more favorable to Williams.

Except for these modifications, which do not affect the judgment, the opinion is unchanged.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.

cc:    See attached list

2

MAILING LIST FOR CASE: E084440
The People v. Matthew Boeman Williams


Superior Court Clerk
San Bernardino County
8303 N. Haven Avenue
Rancho Cucamonga, CA 91730


Office of the State Attorney General
P.O. Box 85266
San Diego, CA 92186


Jennifer A. Gambale
18022 Cowan, Suite 280
Irvine, CA 92614


Appellate Defenders, Inc.
555 West Beech Street, Suite 300
San Diego, CA 92101


District Attorney
County of San Bernardino
Appellate Services Unit
303 W. Third Street, 5th Floor
San Bernardino, CA 92415

Filed 7/10/25  P. v. Williams CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084440 |
| v. | (Super.Ct.No. FVA1001628) |
| MATTHEW BOEMAN WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Matthew Boeman Williams appeals from the denial of his petition to vacate his manslaughter conviction under section 1172.6 of the Penal Code.  (Unlabeled statutory citations refer to this code.)  We affirm.

1

BACKGROUND

At a preliminary hearing held in 2011, the People called Detective Shawn Hare as their only witness. Hare testified that Chelsea Buckley was fatally shot outside of a graduation party in July 2010. Hare testified that when he interviewed Williams, Williams said that he "fired a weapon, but that that was in response to firing coming at him." Williams told Hare that "he thought one of his bullets may have killed the girl." Hare also testified that Williams's claim that he was fired upon first was inconsistent with what other witnesses told Hare, and it was inconsistent with the evidence at the scene.

Hare testified that there were two other locations from which shots were fired. He found .32-caliber casings north of where Williams fired and .40-caliber casings "just north of the driveway." He also found .45-caliber casings where Williams and two witnesses "placed themselves."

Hare believed that the .32-caliber bullets were fired at Williams and his companions when they fled after Williams fired. Hare also testified that there were no fired .40-caliber bullets recovered from the house, and the .40-caliber casings were found in a location consistent with being fired at Williams and his companions as they fled.

"By information filed in 2011, the People alleged that Williams 'did unlawfully, and with malice aforethought murder [the victim].' (§ 187, subd. (a), count 1.) The information further alleged three counts of attempted willful, deliberate, and premeditated murder. (§§ 187, 664, counts 2-4.) As to counts 1 and 4, the People alleged that Williams personally used a firearm, that he personally and intentionally discharged a

2

firearm, and that he personally and intentionally discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (b), (c) & (d)). As to counts 2 and 3, it was alleged that he personally used and personally and intentionally discharged a firearm (§ 12022.53, subds. (b) & (c)).

"Williams pled guilty to voluntary manslaughter and admitted the personal use of a firearm in the commission of that offense (§§ 12022.5, 192, subd. (a), count 5). He also pled guilty to assault with a firearm (§ 245, subd. (a)(2), count 6). Williams was sentenced to the agreed term of 21 years in state prison, including the upper term of 11 years for count 5 and the upper term of 10 years for the firearm use enhancement. A concurrent three-year term was imposed for count 6. Pursuant to the parties' agreement, the remaining counts and allegations were dismissed." (*People v. Williams* (Mar. 11, 2024, E079536) [nonpub. opn.].)

"In 2022, after enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), Williams filed a petition for resentencing under former section 1170.95. He attested that (1) a charging document was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he accepted a plea offer in lieu of a trial at which he could have been convicted under one of those theories, and (3) he could not now be convicted of murder because of the changes made to sections 188 and 189 by Senate Bill 1437. Neither party filed a written brief regarding the petition.

3

"At the prima facie hearing, the trial court denied the petition without issuing an order to show cause." (*People v. Williams*, *supra*, E079536.)

Williams appealed, and we reversed the trial court's order denying Williams's section 1172.6 petition and remanded to the trial court with directions to issue an order to show cause under subdivision (c) of section 1172.6. (*People v. Williams*, *supra*, E079536.)

On remand in August 2024, the court noted that it had considered Williams's original petition, the People's response to the petition, the original plea agreement, and "portions of the preliminary hearing transcript that were non-hearsay." The court took judicial notice of the court file, superior court case No. FVA1001628, which included the felony complaint, the felony information, the plea form, the plea transcript, "and the preliminary hearing transcript, which was stipulated to as a factual basis for the plea as well as the police reports."

The court asked defense counsel whether he wished to be heard, and defense counsel responded, "No. Thank you."

In announcing its ruling, the trial court stated: "After reviewing these documents, I'm going to deny the defendant's petition for resentencing pursuant to Penal Code Section 1172.6 because the Court is convinced beyond a reasonable doubt that the entire theory of the prosecution, and the supporting evidence to support it, is that the defendant was the actual shooter or killer and is therefore not entitled to relief.

"I base my opinion upon the fact that the felony complaint and Information only charged this defendant with murder, attempted willful and deliberate murder of additional victims, and the 12022.53 enhancement, although not admitted at the time of the plea due to a plea bargain, indicated that the defendant personally and intentionally discharged a firearm, causing the victim's death.

"It was clear that the prosecution was proceeding upon a single basis of liability, that the defendant was the actual killer, and not under any theory of felony murder, natural and probable consequence, or aiding and abetting. Therefore, the defendant obviously could be presently convicted of murder under the new enactments of SB 1437 and SB 755.

"Had this case gone to trial in 2024, the only instructions that would have been given by the Court, based upon the non-hearsay evidence reviewed by the Court in the preliminary hearing transcript, would have been first, second-degree murder, or voluntary manslaughter based upon the evidence that the defendant was the actual shooter or killer.

"Detective Hare testified that the defendant admitted to firing a weapon but that it was in response to the firing of bullets coming at him, which was contradicted by the physical evidence found at the scene, and he thought that one of his bullets may have killed the girl. Based upon where the defendant was standing and shooting, and where the victim had been standing, along with the other victims, it was obvious that the defendant did indeed shoot the victim. The location of the .45 caliber shell casing supported this opinion as well.

"From further investigation, Detective Hare testified that the other .40 caliber and casing in the house was a result of the NAW individuals running into the house and an exchange of shots fired from the door of the home, and other .32 caliber rounds were fired by the NAW gang members as the defendant and others were fleeing, and therefore, could not be responsible for the shooting of the victim.

"In evaluating the case from the state of mind of Defense Counsel, the defense was self-defense, not that the defendant was not the actual shooter or killer. The voluntary manslaughter plea, obviously, was based factually on the theory of imperfect self-defense.

"The petitioner, represented by Counsel, had the opportunity to file a reply to the People's response to the petition for resentencing, present argument at this hearing, asserted no objection to the D.A.'s evidence, and offered no evidence or argument that might have raised a factual issue as to the petitioner's involvement to the victim's death.

"So, again, based upon all this evidence before this Court, the prosecution did establish beyond a reasonable doubt that the petitioner's guilty of murder as the actual killer. So the petition for resentencing is denied."

## DISCUSSION

We appointed counsel to represent Williams on appeal, and counsel filed a brief raising no issues and asking that we independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The appeal is from a postjudgment order, and the *Wende* procedures therefore do not apply. (*People v. Delgadillo* (2022) 14 Cal.5th 216,

6

226 (*Delgadillo*).)  We gave Williams the opportunity to file a personal supplemental brief, which he did.  (*Id*. at pp. 231-232.)

Williams argues that (1) he was "deprived of his sixth amendment right to effective assistance of counsel" at the evidentiary hearing on his section 1172.6 petition; (2) he was deprived of his Fifth and Fourteenth Amendment rights "when the trial court denied relief on the ground that he was the actual killer"; and (3) his Fifth and Fourteenth Amendment rights to due process and equal protection were violated because the court failed to interpret "principal" in accordance with sections 31 and 971.  The arguments are meritless.

I.      *Ineffective assistance of counsel*

Williams argues that his Sixth Amendment right to effective assistance of counsel was violated because his counsel did not file a response to the People's brief opposing his section 1172.6 petition, object to the People's evidence at the evidentiary hearing, or "offer any evidence or argument that may have raised a factual issue as to his involvement in the victim's death."  The argument fails because "'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)

II.     *Sufficiency of the evidence*

Williams argues that he was deprived of his Fifth and Fourteenth Amendment rights when the court denied his petition on the basis that he was the actual killer. Williams contends that the court's reasoning "that the other .40 caliber and casing in the

7

house was a result of the NAW individuals running into the house and an exchange of shots fired from the door of the home, and other .32 caliber rounds were fired by the NAW gang members as the defendant and others were fleeing," actually supports the conclusion that other individuals "'[c]ould *be responsible for the shooting of the victim*'" and "the record lacks sufficient evidence to support the court's findings."

"'The scope of our review for substantial evidence is well settled. The test is not whether the People met their burden of proving beyond a reasonable doubt that [a defendant in a section 1172.6 proceeding] was ineligible for resentencing, but rather "whether *any* rational trier of fact could have" made the same determination, namely that "[t]he record . . . disclose[s] . . . evidence that is reasonable, credible, and of solid value —such that a reasonable trier of fact could find [as did the superior court].""" (*People v. Cody* (2023) 92 Cal.App.5th 87, 111.) We do not reweigh the evidence. (*People v. Scott* (1994) 9 Cal.4th 331, 355.)

Williams's argument fails because he is asking us to reweigh the evidence, which we cannot do. Insofar as the argument is a challenge to the sufficiency of the evidence, it lacks merit. The record contains evidence from which the trial court could and did reasonably infer that Williams was the actual killer. That evidence includes Williams's own statements, the physical evidence concerning the locations of the shell casings, and the rest of Hare's testimony. The trial court's inference might not be the only possible inference, but that is not the standard. Because the evidence supports a reasonable

8

inference that Williams was the actual killer, the trial court's finding to that effect was supported by substantial evidence.

III.  *The meaning of "principal"*

Williams also argues that his Fifth and Fourteenth Amendment rights to due process and equal protection were violated because the court failed to interpret "principal" in accordance with sections 31 (defining "principal") and 971 (abrogating the distinction between "principals" and "accessories before the fact," as well as the distinction between principals in the first and second degrees).  He again contends that someone else was responsible for the killing and that malice was therefore "imputed," so he was convicted under a now-invalid theory.

Williams's argument fails because the court found beyond a reasonable doubt that Williams was the actual killer.  The court therefore did not find him guilty on the basis of a theory of imputed malice, and sections 31 and 971 are irrelevant.  Regardless of the definition of "principal" and the abrogation of the distinction between principals and accessories before the fact (or the distinction between principals in the first and second degrees), the finding that Williams was the actual killer, which is supported by substantial evidence, makes him ineligible for relief under section 1172.6.

9

DISPOSITION

The order denying Williams's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.

10